Andrew McClain, J.,
delivered the opinion of the Court.
In this cause the defendants in error, made their motion for judgment in the Circuit Court of Davidson County, against the plaintiff in error, as deputy sheriff, for failing to make due return of an execution in their favor, alleged to have come to the hands of the plaintiff in error. Judgment was rendered against the plaintiff in error for the balance due on the execution, with twelve and a half per cent, damages.
The cause has been brought here by writ of error, and it is now insisted that there is no statutory provision authorizing this summary remedy against a deputy sheriff,
We have not been referred to any Act of Assembly authorizing this motion.
A deputy sheriff is liable for his official misconduct to his principal only. Rose vs. Lane, 3 Hum., 218.
Section of the Code 3594, provides that judgment by motion, may be had against any sheriff, coroner or constable, or other executive officer, to whom an execution is directed and by him received. Let it be conceded that a deputy sheriff is an executive officer, still he does not come within the meaning of this section, for the reason that the execution is not directed to him, but to the sheriff: 1 Chitty Blk., 345, n. 14.
*161 It is true that section 55 of the Code, provides that the “term sheriff, constable, or coroner, or other word used for an executive or ministerial officer, where-ever such word appears in the Code, includes any person performing the duties of such officer, either generally or in special eases.”
If the word sheriff, without restrictive words, had been used in section 3594, then there would be much plausibility in the argument that a deputy sheriff is included in section 3594 by virtue of section 55. But ih section 3594 these restrictive words are used as follows; “to whom an execution is directed and by him received?’
The execution not being directed to the deputy sheriff, lie is not embraced in the meaning of that section.
This construction is greatly supported by the fact that ample provision is made in the Code for the indemnity of the sheriff, by enabling him to take judgment by motion against his deputy and sureties, when he has incurred any liability through the default of the deputy.
The judgment will be reversed; and proceeding to . render the judgment here, which should have been rendered in the court below, the motion will be dismissed.